UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

        Plaintiff,

      v.                                                  Case No. 23-C-1170

LARRY FUCHS,

        Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

    Plaintiff Joshua Braithwaite, an inmate at Columbia Correctional Institution (CCI), is representing himself in this 42 U.S.C. §1983 action. He is proceeding against Defendant Warden Larry Fuchs on a class-of-one Equal Protection Claim based on allegations that, unlike other inmates on administrative confinement status, he was denied property and privileges when he was transferred to CCI. Braithwaite filed a motion for summary judgment on October 15, 2024, and Warden Fuchs filed a cross-motion for summary judgment on November 27, 2024. For the reasons explained below, the Court will deny Braithwaite's motion, grant Warden Fuchs' motion, and dismiss this case.

## BACKGROUND

    On August 1, 2023, Braithwaite was transferred from the Wisconsin Secure Program Facility (WSPF) to CCI, where Fuchs was employed as the warden. According to Braithwaite, at the time of his transfer, he was on administrative confinement status at WSPF. He states that, while on that status, he was allowed to use his television set and tablet, receive twenty phone calls

per month, and order hygiene items and food from the canteen. Dkt. Nos. 47, 53 at ¶¶1-2, 26; Dkt. No. 51 at ¶4.

Upon arriving at CCI, Braithwaite was placed into administrative confinement step 1 status. Warden Fuchs explains that *all* inmates received at CCI who were on administrative confinement status at their prior prison are initially placed on step 1 for a two-week period so staff can evaluate their behavior. Inmates on administrative confinement step 1 status are not allowed to use electronics because the building in which they are housed does not have outlets in the cells. Inmates on administrative confinement step 1 status are allowed one sixty-minute session in the law library per week, three one-hour periods of recreation per week, and two showers per week. They also may receive eight phone calls per month. Braithwaite initially received privileges consistent with his placement on administrative confinement step 1. He also received property consistent with this placement, including a finger-tip toothbrush, toothpaste, soap dish, skin lotion, and comb. He also was allowed access to a flex pencil, free envelopes, and a pen insert when out of his cell. In short, he received all the privileges and property that inmates on administrative confinement step 1 receive. Dkt. Nos. 47, 53 at ¶¶8, 11, 21-24, 28, 32-34.

Typically, after the two-week evaluation period following a transfer, an administrative confinement hearing is held to determine the appropriate level of placement for the inmate. If, at the administrative confinement hearing, it is determined that the inmate should be moved to the next status level, the inmate will be transferred to another building where he may receive additional property and privileges. Dkt. Nos. 47, 53 at ¶¶12, 14.

Braithwaite did not receive an administrative confinement hearing at the two-week mark because on August 4, 2023, three days after he arrived at CCI, Braithwaite was placed on observation status for threatening to harm himself. While on observation status, an inmate is

allowed very little property for safety and security reasons. Specifically, while on observation status, an inmate is allowed suicide resistant clothing, a security mat, and a blanket or smock. Braithwaite remained on observation status from August 4 until August 10, 2023. Additionally, during that time, he received three major conduct reports for sexual conduct. He was returned to administrative confinement step 1 status on August 10, pending a ruling on the conduct reports, but then was placed back on observation status three days later, on August 13, 2023, for threatening to harm himself. The next day, on August 14, 2023, he received dispositions for the three conduct reports of 60 days, 90 days, and 120 days. That same day he received another conduct report for sexual conduct, for which he received a disposition of 120 days. Dkt. Nos. 47, 53 at ¶¶35-42.

Braithwaite remained on observation status until August 22, 2023, when he was placed on disciplinary separation (*not* administrative confinement) step 1 status because of the four conduct reports of which he had been found guilty. As a result of the change in his placement status from administrative status to observation status to disciplinary status, the allowed privileges and property also changed. Braithwaite continued to receive major conduct reports, and, as a result, remained in disciplinary separation. And for periods of time, after threatening to harm himself, he was placed in observation status. At all times, Braithwaite had the same privileges and property as other inmates with the same placement status. Dkt. Nos. 47, 53 at ¶¶43-61.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

The Equal Protection Clause prohibits the singling out of a person without a rational reason. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). A plaintiff alleging a class-of-one equal protection claim must establish that (1) a state actor intentionally treated him differently than others similarly situated; and (2) there is no rational basis for the difference in treatment. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citations omitted). Braithwaite asserts that Warden Fuchs violated his rights under the Equal Protection Clause because he treated Braithwaite differently than other inmates in administrative confinement status. But Braithwaite's assertions cannot be squared with the record. The undisputed evidence shows that, per Warden Fuchs, all inmates on administrative confinement who transfer to CCI are placed on administrative confinement step 1 status. And all inmates on administrative confinement step 1 status receive the same privileges and property. Braithwaite asserts that there is no official policy on this issue, but no official policy is required. Because Braithwaite provides no evidence showing that he was

4

treated differently than other inmates who transfer to CCI while on administrative confinement status, his class-of-one claim fails.

It appears that Braithwaite's main frustration is that he did not initially receive the same privileges and property at CCI that he had received at WSPF. But the Equal Protection Clause did not require Warden Fuchs to treat Braithwaite the same way Braithwaite had been treated at a different institution. It required only that Warden Fuchs treat Braithwaite the same way he treated all other inmates who were similarly situated to Braithwaite. The record shows he did just that—both when Braithwaite initially arrived at CCI and when he bounced back and forth between disciplinary confinement and observation status. Warden Fuchs is therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Braithwaite's motion for summary judgment (Dkt. No. 40) is **DENIED**, Warden Fuchs' cross-motion for summary judgment (Dkt. No. 45) is **GRANTED**, and this action is **DISMISSED**. The clerk of court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 20th day of February, 2025.

                                                William C. Griesbach
                                                United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.